RD 11/13/19 WLM

FILED IN CLERK'S OFFICE US DISTRICT COURT E.D.N.Y. ★ NOV 08 2019 ★ BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X

NAIM McCALLUM,

Plaintiff,

-against-

SUFFOLK COUNTY CORRECTIONAL FACILITY RIVERHEAD and JOHN DOE,

Defendants.
--------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
19-CV-4591 (KAM)(RER)

**MATSUMOTO, United States District Judge:**

*Pro se* plaintiff Naim McCallum, who is detained at the Suffolk County Correctional Facility in Riverhead, brings this action pursuant to 42 U.S.C. § 1983 ("§ 1983"), alleging that he was injured at the facility. (ECF No. 1, Complaint.) Plaintiff's application to proceed *in forma pauperis* is granted. For the reasons that follow, the complaint is dismissed.

**BACKGROUND**

The complaint is filed as a civil rights action related to an incident that occurred on July 13.[1] Plaintiff alleges that he suffered second-degree burns on his right hand from steam from a pot, because he was "doing the water" without proper training and because the metal pot did not have a handle. Complaint at 4. He states that medical staff gave him cream for

---

[1] Plaintiff does not provide the year this incident occurred, though the court presumes the incident occurred the month prior to filing.

his burns. *Id.* He seeks unspecified compensation for his pain. *Id.* at 5.

**DISCUSSION**

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint invokes his constitutional rights, a claim which may be cognizable under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.*

In order to bring a claim pursuant to § 1983, a plaintiff must show that each of the named individuals is personally liable for the alleged harm. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436

U.S. 658, 690-91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

The only defendants plaintiff names are the Suffolk County Correctional Facility in Riverhead and an unidentified John Doe. Other than in the caption of the complaint, plaintiff does not name any John Doe officer or allege that any official was involved in the incident or was in any way responsible for his actions and the injury he suffered. The Suffolk County Correctional Facility is not a suable entity. *See Hayes v. Cty. of Sullivan*, 853 F. Supp. 2d 400, 438 (S.D.N.Y. 2012) ("[S]everal courts have held that '[u]nder New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.'" (citations

omitted)). The Suffolk County Correctional Facility is an administrative arm of a municipality. Plaintiff has not alleged an unconstitutional policy or custom that would confer liability on Suffolk County. Because plaintiff has not adequately alleged the involvement of either the institutional defendant or the John Doe defendant, both defendants are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. §1915(e)(2)(B)(ii).

Even if plaintiff had named a proper defendant, it is not clear what constitutional claim he could be raising. Prisoners and detainees do have constitutionally protected rights to receive humane conditions of confinement, including adequate food, clothing, shelter, medical care, and security. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). But a plaintiff seeking to hold prison officials liable for deliberate indifference must show that the official "knows that inmates [or detainees] face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Plaintiff has not alleged facts that suggest a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, as applied to state detainees through the Due Process Clause of the Fourteenth Amendment. In this case, plaintiff alleges that he was not properly trained to

handle a pot of boiling water. It is not clear what training he could have received or how any individual or the facility could be responsible for his injury. Moreover, he alleges that he received medical care for his injury. At most, plaintiff's allegations may suggest a state law claim for negligence, but merely negligent conduct causing unintended loss or injury to life, liberty or property is not sufficient to state a claim under the Due Process Clause or any other provision of federal law.[2] *See Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (due process protections are not triggered by lack of due care by state officials); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (although official's negligence led to serious injury, the Constitution requires no procedure to compensate injuries arising from negligence).

[2] Because the court finds that plaintiff could not plead a violation of constitutional or federal law based on any negligent conduct by an appropriate defendant in this case, the court denies plaintiff leave to replead.

**CONCLUSION**

Plaintiff's motion to proceed *in forma pauperis* is granted solely for the purpose of this Order. For the reasons set forth above, all of plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment, serve a copy of this Memorandum & Order and the judgment on the plaintiff, note service on the docket, and close this case.

**SO ORDERED.**

Dated: November 8, 2019
Brooklyn, New York

/s/

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York